IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA/DANVILLE DIVISION

| | |
|---|---|
| TRUSTEES OF CONSTRUCTION INDUSTRY WELFARE FUND OF CENTRAL ILLINOIS, | |
| Plaintiffs, | CIVIL ACTION |
| v. | NO. |
| CARTER CONSTRUCTION SERVICES, INC., an Illinois corporation, | JUDGE |
| Defendant. | |

## COMPLAINT

NOW COME Plaintiffs, the Trustees of Construction Industry Welfare Fund of Central Illinois (hereinafter "Plaintiffs" or "Fund"), by their attorneys, complaining of the Defendant, CARTER CONSTRUCTION SERVICES, INC., an Illinois corporation, and allege as follows:

1. This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145 (hereinafter referred to as "ERISA"), and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185(a) (hereinafter referred to as "LMRA").  Jurisdiction is based upon the existence of questions arising thereunder, as hereinafter more fully appears.

2. Plaintiffs bring this action as an "employee welfare benefit fund," and "plan," under ERISA and the LMRA. Plaintiffs are administered within this District and Division at 34 E. Springfield Avenue, Champaign, Illinois. Accordingly, venue is appropriate under 29 U.S.C. §1132(e)(2).

3.  Defendant is an Illinois corporation, with its principal place of business located at 1600 North Oak Street, Champaign, Illinois. Defendant is an "employer" under ERISA and the LMRA.

4.  Defendant is obligated to make fringe benefit contributions to the Plaintiff Fund under the terms of the Trust Agreement establishing and outlining the administration of the Fund, and pursuant to the terms of collective bargaining agreements entered into by Defendant and Plasterers & Cement Masons Local 143, _____ Local 17 and _____ Local 363, which represent bargaining units of Defendant's employees, the members of which are beneficiaries of the Fund.

5.  As an employer obligated to make fringe benefit contributions to the Fund, Defendant is specifically required to do the following:

> (a) To submit to Plaintiffs for each month, by the 15th day of the following month, a report stating the names, social security numbers, and total hours worked or paid in such month for each and every person on whose behalf contributions are required to be made by Defendant to Plaintiffs; or, if no such persons are employed for a given month, to submit a report so stating;
>
> (b) To accompany the aforesaid reports with payment of contributions based upon the actual number of hours worked by each covered employee, including overtime hours;
>
> (c) To make all of its payroll books and records available to Plaintiffs for the purpose of auditing same, to determine whether Defendant is making full payment as required under the applicable agreements;
>
> (d) To compensate Plaintiffs for the additional administrative costs and burdens imposed by Defendant's failure to pay, or untimely payment of, contributions, by way of the payment of liquidated damages in amounts as set forth in the Agreement and Declaration of Trust for any and all contributions which are not timely received by Plaintiffs for a particular month;
>
> (e) To pay Plaintiffs interest on late employer contributions at the rate of twelve (12) percent per annum, assessable at the rate of one (1) percent per month

      for each month or fraction thereof the contribution is received more than thirty (30) days beyond the due date;

  (f)    To pay any and all costs incurred by Plaintiffs in auditing Defendant's payroll records, should it be determined that Defendant was delinquent in the reporting or submission of all contributions required of it to be made to Plaintiffs;

  (g)    To pay Plaintiffs' reasonable attorneys' fees and costs necessarily incurred to compel Defendant to submit its payroll books and records for audit, or to recover delinquent contributions;

6.    Defendant is delinquent and has breached its obligations to Plaintiff Fund and its obligations under the plan in the following respects:

  (a)    Defendant has failed to make payment of contributions, liquidated damages, and audit fees based upon an audit of the Defendant's payroll records showing Defendant to have been delinquent in the payment of contributions and to have reported hours worked by its Employees incorrectly to Plaintiffs.

  (b)    Defendant has failed and refused to submit all of its reports to Plaintiffs due to date and/or has failed to make payment of all contributions acknowledged by Defendant thereon to be due Plaintiffs. Defendant is further obligated to pay liquidated damages and interest on all contributions reported and paid late, or remaining unpaid, but has failed and refused to make payment of said liquidated damages and interest.

7.    That upon careful review of all records maintained by Plaintiffs, and after application of any and all partial payments made by Defendant, there is a total of $6,951.13 known to be due Plaintiffs from Defendant, subject, however, to the possibility that additional monies may be due Plaintiffs from Defendant based upon the continuing accrual of interest, and Defendant's failure to submit all required reports or to accurately state all hours for which contributions are due on reports previously submitted. The amounts due are further subject to change based on the possibility that additional contributions, liquidated damages and interest will come due during the pendency of this lawsuit.

8. Plaintiff Fund has requested Defendant perform its obligations as aforesaid, but Defendant has failed and refused to so perform.

9. Defendant's continuing refusal and failure to perform its obligations to Plaintiff Fund is causing and will continue to cause irreparable injuries to Plaintiff for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiffs pray:

(a) That Defendant be enjoined and ordered to submit all delinquent monthly contribution reports to Plaintiffs with the information required to be provided thereon, to continue to submit such reports while this action is pending, and to comply with its contractual obligation to timely submit such reports in the future;

(b) That judgment be entered in favor of Plaintiffs and against Defendant for all unpaid contributions, liquidated damages, any costs of auditing Defendant's records, accrued interest, and Plaintiffs' reasonable attorneys' fees and court costs necessarily incurred in this action as specified herein, or as subsequently determined, all as provided for in the Trust Agreement and in ERISA;

(c) That Plaintiffs have such further relief as may be deemed just and equitable by the Court, all at Defendant's cost.

/s/   Patrick N. Ryan

Stephen J. Rosenblat
Patrick N. Ryan - Lead Counsel
Attorneys for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Bar No.: 6278364
Telephone: 312/236-4316
Telefax: 312/236-0241
E-Mail: pryan@baumsigman.com

I:\CIW\Carter Construction\#23779\complaint.pnr.df.wpd