IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| TRUSTEES OF CONSTRUCTION INDUSTRY WELFARE FUND OF CENTRAL ILLINOIS, | ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION |
| v. | ) ) | NO. 12 -CV- 2123 |
| CARTER CONSTRUCTION SERVICES, INC., an Illinois corporation, | ) ) ) ) | JUDGE HAROLD A. BAKER |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTION
FOR DEFAULT JUDGMENT**

Plaintiffs, the Trustees of the Construction Industry Welfare Fund of Central Illinois ("Plaintiffs" or "Fund"), by and through their attorneys, hereby submit this Memorandum in Support of Plaintiffs' Motion for Default Judgment and state as follows:

The Fund filed the Complaint in the instant case on May 2, 2012, seeking to obtain from Defendant delinquent fringe benefit reports, contributions, liquidated damages, interest, audit fees, plus all costs and attorneys' fees incurred (Docket # 1). On August 8, 2012, Plaintiffs filed a motion for default against Defendant (Docket # 9). On August 10, 2012, the Court set a hearing on Plaintiffs' motion for default for October 18, 2012. At the hearing on October 18, 2012, the Court granted Plaintiffs' motion for default against Defendant and set the case for a status hearing on December 12, 2012 at 10:00 a.m. Plaintiffs now seek entry of default judgment under Rule 55(b)(2) of the Federal Rules of Civil Procedure.

The Fund is an "employee welfare benefit plan" and a "multiemployer plan," as defined by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1002(1), 1002(37)(A) (Docket # 1, ¶ 2).  Defendant, Carter Construction Services, Inc. ("Defendant"), is an "employer" under ERISA, 29 U.S.C. §1002(5) (Docket # 1, ¶ 2).  Defendant is obligated to file reports and pay contributions to the Fund pursuant to the terms of the Trust Agreement for the Construction Industry Welfare Fund of Central Illinois ("Trust Agreement"), and pursuant to various collective bargaining agreements (Docket # 1, ¶ 3).

Under Rule 55(b)(2), the Court may enter default judgment upon the application of the plaintiff, and "may conduct hearings . . . to enter or effectuate judgment. . . ." Fed. R. Civ. P. 55(b)(2).  The general rule is that the allegations of a complaint are "deemed admitted by the defendant upon default." Davis v. Hutchins, 321 F.3d 641, 648-49 (7th Cir. 2003).  While "the well-pleaded allegations of the complaint relating to liability are taken as true, [] those relating to the amount of damages suffered ordinarily are not." Merrill Lynch Mortg. Corp. v. Narayan, 908 F.2d 246, 253 (7th Cir. 1990) (Citation and internal quotations omitted).  However, if damages "are liquidated or capable of calculation," then further proof is not needed.  Id. (Citation omitted).

The Fund is seeking damages consisting of (1) unpaid contributions based on reports submitted by Defendant, plus liquidated damages and interest, (2) unpaid interest and audit costs based on a payroll compliance review, and (3) its court costs and attorneys' fees.  Under ERISA:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

2

29 U.S.C. §1145. Section 1132(g)(2) of ERISA states:

> (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of–
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorneys fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2). "[T]he important aspect of this provision is that its stringent terms are mandatory in an action 'in which a judgment in favor of the plan is awarded.'" Gilles v. Burton Construction Co., 736 F.2d 1142, 1144 (7th Cir. 1984).

The Fund also has the authority to bring suit to enforce the terms of the Plan. 29 U.S.C. §1132(a)(3); Board of Trustees of the Hotel & Restaurant Employees. Local 25 v. JPR, Inc., 136 F.3d 794 (D.C. Cir. 1998). Thus, where the terms of Plan documents require employers to pay liquidated damages, interest, audit costs, court costs and/or attorneys' fees, the Fund can bring suit to enforce those terms. See, Operating Engineers Local 139 Health Benefit Fund v. Gustafson Const., 258 F.3d 645, 654 (7th Cir. 2001). Defendant is obligated by its collective bargaining agreements and the Fund's Trust Agreement to pay 10% liquidated damages and 12% annual interest on all contributions paid late, and to pay any audit costs, court costs and attorneys' fees incurred by the Fund (Docket # 1, ¶¶ 5(d), (e), (f), and (g)).

The uncontested allegations of Plaintiffs' Complaint establish that Defendant is obligated to report and pay contributions to the Fund, consistent with the Trust Agreement and the applicable collective bargaining agreements, and that it breached its obligations (Docket #1, ¶¶ 4, 5, 6). Thus, Defendant's liability is fixed. Only the amount that Defendant owes Plaintiffs remains to be established. As the amounts due have changed since the filing of this lawsuit, and are likely to change further between now and the hearing on December 7, 2012, Plaintiffs will be prepared to present evidence of the amounts due from Defendant at the hearing on December 7, 2012.

## Conclusion

For the foregoing reasons, Plaintiffs, the Trustees of the Construction Industry Welfare Fund of Illinois, respectfully request that this Court enter default judgment against Defendant, Carter Construction Services, Inc., an Illinois corporation, in the amount established at the hearing on December 7, 2012, with post-judgment interest.

/s/   Patrick N. Ryan

Patrick N. Ryan
Attorneys for Plaintiffs
BAUM SIGMAN AUERBACH & NEUMAN, LTD.
200 West Adams Street, Suite 2200
Chicago, IL  60606-5231
Telephone: 312/236-4316
Telefax: 312/236-0241
Email: pryan@baumsigman.com
I:\CIW\Carter Construction\#23779\memorandum in support 10-25-12.pnr.df.wpd

## CERTIFICATE OF SERVICE

      The undersigned, an attorney of record, hereby certifies that he electronically filed the foregoing document (Memorandum) with the Clerk of Court using the CM/ECF system, and further certifies that he mailed the above-referenced document by United States Mail to the following non-CM/ECF participant on or before the hour of 5:00 p.m. this 25th day of October 2012:

> Mr. Kenneth L. Carter, Registered Agent
> Carter Construction Services, Inc.
> 1600 North Oak Street
> Champaign, IL  61820

> /s/   Patrick N. Ryan

> Patrick N. Ryan
> Attorney for Plaintiffs
> BAUM SIGMAN AUERBACH & NEUMAN, LTD.
> 200 West Adams Street, Suite 2200
> Chicago, IL  60606-5231
> Bar No.: 6278364
> Telephone: 312/236-4316
> Telefax: 312/236-0241
> Email: pryan@baumsigman.com

I:\CIW\Carter Construction\#23779\memorandum in support 10-25-12.pnr.df.wpd